UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID W. GREEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-00430-WTL-MJD |
| ) | |
| TIMOTHY GRAY Prosecutor Clark Co., ) | |
| VICKI L. CARMICHAEL Judge, ) | |
| KRISTINE NOLE esq., ) | |
| RICHARD BROWN Warden, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed in forma pauperis, Dkt. No. 2, is **denied** as presented. He shall have until **October 17, 2017,** in which renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on May 26, 2015. 42 U.S.C. § 1915(a)(2). Otherwise, the plaintiff must pay the $ 400.00 filing fee.

**II.**

Plaintiff David W. Green is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because Mr. Green is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant

who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Green are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

Mr. Green filed this civil action against Prosecutor Timothy Gray, Judge Vicki L. Carmichael, Attorney Kristine Nole, and Warden Richard Brown. For the reasons explained below, the complaint is dismissed for failure to state a claim upon which relief can be granted.

**A. Unjust Conviction Statutes**

Mr. Green states that this action is brought pursuant to the Unjust Conviction Statutes, 28 U.S.C. §§ 1495 and 2513 (collectively). Unfortunately, for Green, these statutes do not apply to the circumstances he alleges because he has not been convicted of a federal offense. *Nyabwa v. United States*, 130 Fed. Cl. 179, 184–85 (2017)(holding that "[b]oth 28 U.S.C. § 1495 and 28 U.S.C. § 2513 relate to criminal offenses against the United States, and, this court does not have jurisdiction to hear a plaintiff's unjust conviction and imprisonment claims arising from state crimes."). Even if Mr. Green had been convicted of a federal offense, his claims could only be brought in the United States Court of Federal Claims, not this district court. 28 U.S.C. § 1495.

**B. Release from Custody**

Next, Mr. Green argues that the defendants are liable to him for violating his Fourteenth Amendment rights. Specifically, the defendants refuse to release him from custody as directed by the Clark County Circuit Court. Relatedly, Green claims that the defendants violated his Sixth Amendment rights by denying him a speedy public trial by an impartial jury, with the ability to call witnesses and counsel to aid his defense is similarly dismissed.

These claims amount to attacks on Mr. Green's criminal sentence calculation and the manner in which his criminal trial was conducted. These claims cannot be brought as a civil rights action because if successful they would entitled Mr. Green to immediate release from custody. *Heck v. Humphrey*, 512 U.S. 477 (1994), "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 2011 WL 2739771, *1 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). Instead, any claim that the plaintiff is being held beyond his release date may only be brought as a writ of habeas corpus. A writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy.").

**C. Absolute Immunity**

The claims against the judge and prosecutor are also **dismissed.** This is because they are entitled to absolute immunity for their actions taken in the state criminal case, even if Mr. Green believes they acted improperly. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (judicial

immunity); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutorial immunity). Accordingly, Timothy Gray, Prosecutor of Clark County and Judge Vicki L. Carmichael are **dismissed.**

### D. Section 1983

The claims against Kristine Nole are **dismissed** because she is not a person subject to suit under 42 U.S.C. § 1983**.** To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941).

Under authority established for more than a generation, Attorney Nole does not act under color of state law while representing Mr. Green in the criminal proceeding, even if paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case). Accordingly, defendant Kristine Nole, Esq. is **dismissed.**

### III.

This Court was unable to identify any viable claim alleged in the complaint. Accordingly, the complaint must be dismissed for each of the reasons set forth above. Mr. Green shall have **through October 17, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013)

("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

Date: 9/19/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID W. GREEN, JR.
259554
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only